# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4150

_____

United States of America,

*Plaintiff - Appellee,*

v.

Phillip Dwayne Loyd,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 19, 2017
Filed: March 29, 2018

_____

Before LOKEN, BEAM, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Phillip Loyd pleaded guilty to sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), and production of child pornography, in violation of 18 U.S.C. § 2251(a). Section 2251(e) provides that an offender who violates § 2251(a) is subject to a minimum 25-year term of imprisonment if he has sustained a prior conviction for a crime specified in § 2251(e).

The district court[1] concluded that Loyd had one qualifying prior conviction under § 2251(e), so the court adjusted the advisory sentencing guideline range from 292-365 months to 300-365 months to account for the statutory minimum penalty. *See* USSG § 5G1.1(c)(2). The court then decided that a sentence "that is within the guideline range but not at the bottom is appropriate," and sentenced Loyd to 324 months' imprisonment on each count to run concurrently. Loyd appeals the court's decision to apply the 25-year minimum term under § 2251(e), suggesting implicitly that the court would have imposed a shorter sentence if the bottom of the advisory guideline range had been 292 months rather than 300 months. We conclude that the court correctly applied § 2251(e), and we therefore affirm.

Section 2251(e) provides that a defendant like Loyd who violates § 2251(a) "shall be fined . . . and imprisoned for not less than 25 years" if he

> has a prior conviction under [chapter 110], section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography.

Loyd had a prior conviction under chapter 117 for knowingly inducing a person to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a). The district court relied on this conviction to conclude that the 25-year minimum sentence applied.

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

Loyd's disagreement with the district court's application of § 2251(e) turns on the participle phrase that begins with "relating to aggravated sexual abuse." He contends that the "relating to" phrase modifies not only the last antecedent phrase—"laws of any State"—but also each of the chapters and sections of federal law listed in § 2251(e). On that view, a prior conviction under chapter 117 triggers the mandatory minimum sentence only if the federal law "relat[es] to" one of the enumerated types of misconduct. Loyd then asserts that his offense under chapter 117 does not fit within any of the enumerated categories, so the enhanced punishment should not apply.

We reject Loyd's position and conclude that the "relating to" phrase modifies only the phrase "the laws of any State." Under the rule of the last antecedent, a limiting phrase that follows a list of terms or phrases ordinarily is "read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003). This canon operates as a rebuttable presumption in statutory interpretation. "The rule reflects the basic intuition that when a modifier appears at the end of a list, it is easier to apply that modifier only to the item directly before it." *Lockhart v. United States*, 136 S. Ct. 958, 963 (2016). Applied here, the rule of the last antecedent means that the "relating to" phrase modifies only the phrase that immediately precedes it: "the laws of any State." The enumerated chapters and sections of federal law are not similarly limited.

Loyd urges us to apply a different canon of construction—the series-qualifier canon. The series-qualifier canon "requires a modifier to apply to all items in a series when such an application would represent a natural construction." *Id.* at 965. This canon trumps the rule of the last antecedent when there is "'no reason consistent with any discernible purpose of the statute to apply' the limiting phrase to the last antecedent alone." *Wong v. Minn. Dep't of Human Servs.*, 820 F.3d 922, 929 (8th Cir. 2016) (quoting *United States v. Bass*, 404 U.S. 336, 341 (1971)). Loyd views "the laws of any State" and the several listed chapters and sections of federal law as

one series, such that the "relating to" phrase modifies the enumerated provisions of federal law too.

We are not convinced. For one thing, the statute does not present the federal provisions in a single, uninterrupted series together with the laws of any State. Section 2251(e) refers instead to three groups of laws, separated by commas and "or," with each introduced by the word "under"—"*under* [chapter 110], section 1591, chapter 71, chapter 109A, or chapter 117, *or under* section 920 of title 10 (article 120 of the Uniform Code of Military Justice), *or under* the laws of any State relating to . . . ." 18 U.S.C. § 2251(e) (emphasis added); *cf. United States v. Pritchett*, 470 F.2d 455, 459 (D.C. Cir. 1972). The last group—"the laws of any State"—begins with a determiner ("the"), thereby suggesting that the modification in the "relating to" phrase does not reach back to the previous groups. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 149 (2012). This syntax and division of the purported series strengthens the inference that "relating to" modifies only the last group of laws that immediately precedes the modifying phrase.

Another problem with Loyd's approach is that the restrictive "relating to" phrase has no meaning if it modifies each of the listed portions of federal law. "Relating to X" can modify "the laws of any State," because some state laws will relate to X and others will not. But the modifier cannot restrict "chapter 117" as a whole, because the chapter either relates to X or it does not. To hold that chapter 117 does not relate to any of the enumerated forms of misconduct would require us impermissibly to read "chapter 117" out of the statute.

Loyd elsewhere seems to suggest that a court must inquire whether the elements of an individual offense of conviction categorically relate to the listed forms of misconduct. He appears to mean that § 2251(e) requires a court to assess whether a particular statute *within* the listed chapters and sections is categorically related to one of the listed forms of misconduct. But § 2251(e) lists chapters of the code, not

individual provisions within the listed chapters, and it would be unnatural to read the "relating to" phrase as modifying subsets that Congress did not choose to enumerate.

The structure of § 2251(e) also shows that Loyd's suggestion is incorrect. In a subsequent clause about penalties for an offender with multiple prior convictions, a sentencing enhancement applies when a person "has 2 or more convictions under [chapter 110], chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children." One of those enumerated segments, section 920 of title 10, includes *no* provision relating *categorically* to sexual exploitation of children, so the suggested approach would impermissibly render one term on the list a nullity. We presume that Congress employed consistent usage in two successive clauses of the same subsection, so the clause concerning two or more convictions is further reason to conclude that "relating to" modifies only "the laws of any State" in the preceding clause about one prior conviction.

Loyd argues finally that the rule of lenity counsels in favor of limiting the scope of § 2251(e), but that rule applies only when "ordinary canons of statutory construction have revealed no satisfactory construction." *Lockhart*, 136 S. Ct. at 968. Here, the statute's text and structure demonstrate that we should apply the rule of the last antecedent. So we conclude that Loyd's prior conviction for an offense under chapter 117 of the United States Code is a predicate offense that required a 25-year minimum term of imprisonment for his conviction in this case. The district court thus applied the correct advisory guideline range when fashioning Loyd's sentence.

The judgment of the district court is affirmed.

_____